UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IRENE GONZALEZ,

    Plaintiff,

v.                                                                                        Civ. No. 15-327 JAP/GJF

CAROLYN W. COLVIN, Acting
Commissioner of the
Social Security Administration,

    Defendant.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on Plaintiff's objections [ECF No. 33] to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") [ECF No. 32] on Plaintiff's Motion to Reverse or Remand the Social Security Administration's decision to deny Plaintiff's application for disability benefits [ECF No. 22]. Being fully advised and after *de novo* review, the Court will overrule Plaintiff's objections, adopt the PFRD, and deny Plaintiff's Motion.

**I.  BACKGROUND**

On November 9, 2015, Plaintiff filed a motion to reverse the Social Security Administration's decision denying her application for disability insurance benefits and supplemental security income. Pl.'s Mot., ECF No. 22. In her motion, Plaintiff alleged that her disability began on November 5, 2009, due to bipolar disorder, hypertension, and diabetes. *Id.* On September 10, 2016, Magistrate Judge Gregory J. Fouratt issued his PFRD, recommending that Plaintiff's motion be denied and the Social Security Administration's decision be affirmed.

PFRD, ECF No. 32.  On September 23, 2016, Plaintiff filed objections to Judge Fouratt's PFRD. Objections, ECF No. 33.

## II.  STANDARD OF REVIEW

After a party objects to a magistrate judge's proposed findings and recommendations, the Court "shall make a *de novo* determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). "[A]n objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]"  *Id.* at 1060.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.  ANALYSIS

Plaintiff's objections to the PFRD are primarily two-fold.  First, she argues that the residual functional capacity ("RFC") determined by the Administrative Law Judge ("ALJ") was not supported by substantial evidence because it failed to incorporate all of Plaintiff's mental limitations. Objections at 3.  More specifically, she argues that the RFC failed to include limitations identified by Dr. Schutte, the examining psychologist.  *Id.*  Second, she contends that the ALJ did not properly weigh the opinions of Ray Leal, her treating nurse practitioner.  *Id.* at 2.

A. **The RFC Finding Was Supported by Substantial Evidence.**

The ALJ assigned the following RFC to Plaintiff: "[T]he [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Work should involve primarily things rather than people." Administrative R. ("AR") 19-20, ECF No. 13.  In both her original motion and her objections to the PFRD, Plaintiff asserts that "the ALJ's RFC finding 'is not supported by substantial evidence because she failed to include all of [her] mental limitations in the RFC finding.'"  Mem. in Support of Pl.'s Mot. to Remand Commissioner's Administrative Decision 6, ECF No. 22.

When assessing an individual's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)).  Furthermore, "the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing SSR 96-8P, 1996 WL 374184 (July 2, 1996)).

After a meticulous review of the record and the parties' briefing, Judge Fouratt found that "[t]he record here reflects that the ALJ considered all of the relevant evidence, and Plaintiff fails to demonstrate that the RFC finding is inconsistent with any medical findings or her mental limitations." PFRD 14.  To reach this conclusion, Judge Fouratt noted that the ALJ reviewed all of the medical evidence, medical opinions, and Plaintiff's function reports. *Id.* at 14-15.  Among the medical evidence was evidence of Plaintiff's past psychiatric hospitalizations, a point on which Plaintiff relies now as evidence of her low mental functioning.  However, the first hospitalization, dated October 1, 2008, was outside of the alleged disability period, and therefore,

beyond the ALJ's and this Court's scope of review. AR 20. The second hospitalization took place from November 5, 2009, to November 24, 2009. *Id.* The ALJ addressed this hospitalization and its aftermath, finding that:

> At the time of her release from EPPC, the [Plaintiff] was alert, cooperative, and pleasant. Her affect was bright, with good range and appropriate. She reported her mood was good. Her thinking was clear, coherent and goal directed. She was free of paranoia or delusional thought content or thoughts of hurting or killing herself or others. The [Plaintiff] denied experiencing any hallucinations and no impairment of orientation or memory was detected. Her insight and judgment were both good. The [Plaintiff] was to attend follow-up treatment at Sun City Clinic.
>
> The record does not indicate the [Plaintiff] followed up on recommendations regarding treatment at an outside clinic.

AR 20-21. The ALJ reasonably found that Plaintiff's condition had dramatically improved during her in-hospitalization treatment, so much so that she did not pursue follow-up treatment. The last hospitalization which Plaintiff cites occurred on October 8, 2013. Objections at 1. Plaintiff argues that this inpatient hospitalization for her mental impairments is relevant to her disability claim. *Id.* However, this was not before the ALJ for review, nor was it before Judge Fouratt for review. Consequently, the Court will not consider it now either.

Plaintiff further complains that the RFC is not supported by substantial evidence because it did not include all of the mental limitations identified in Dr. Schutte's report. Objections at 3. Dr. Schutte served as Plaintiff's examining psychologist and the ALJ afforded his opinions great weight. AR 25. The ALJ wrote: "Dr. Schutte's opinions indicated the claimant has some mild to moderate impairments in her abilities to perform some work-related mental activities, particularly in the area of dealing with other people." *Id.* Judge Fouratt addressed the ALJ's treatment of Dr. Schutte's report, finding:

> While it is true that Dr. Schutte opined that Plaintiff had borderline attention and concentration, moderately impaired reasoning ability, and mildly impaired ability to make social, occupational, and personal adjustments, he also calculated that Plaintiff had a relatively high GAF score of 65 and was "generally functioning pretty well." AR 22. The Court believes that the RFC implicitly contemplates each of these limitations. Moreover, the unskilled job categories identified by the vocational expert and the ALJ as ones that Plaintiff could hold (laundry sorter, hand packer, hay sorter, *see* AR 26) certainly appear to the Court to be of the kind that would accommodate workers with the Plaintiff's limitations. A similar approach to the one taken by the ALJ in this case was recently endorsed by the Tenth Circuit. *See Smith v. Colvin*, __ F.3d __, No. 15-1224 (10th Cir. May 9, 2016) at 7-10. Consequently, the undersigned discerns no error by the ALJ in omitting the limitations identified by Dr. Schutte.

PFRD at 15, n.9.

The Court finds Judge Fouratt's reasoning based on *Smith v. Colvin* convincing. Faced with a similar challenge in *Smith*, the Tenth Circuit endorsed the approach that "an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity." *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016). In this case, the Court finds no reversible error on the part of the ALJ for not enumerating each of Dr. Schutte's recommended limitations because the ALJ limited Plaintiff to unskilled occupations, including laundry sorter, hand packer, and hay sorter, which would accommodate all of the limitations identified by Dr. Schutte.

For these reasons, the Court finds the RFC was supported by substantial evidence, and Plaintiff's objections on this point are overruled.

**B. The ALJ Did Not Err in Her Treatment of Nurse Practitioner Leal's Opinions.**

Plaintiff's second objection focuses on the ALJ's review of Ray Leal's opinions. She argues that "the ALJ's rejections of Mr. Leal's opinions was [sic] unsupported by substantial evidence" and "the ALJ here did not explain in what way the medical evidence does not support (or is contrary to) Mr. Leal's opinion." Objections at 2-3. Mr. Leal is a nurse practitioner who

saw the Plaintiff a total of six times between 2010 and 2011. AR 391-401, 444-55. The ALJ assigned Mr. Leal's opinions "very little weight" because she did not find that his recommendations about Plaintiff's limitations were supported by other medical evidence in the record. AR 25.

In the PFRD, Judge Fouratt found that the ALJ did not err in her assessment of Mr. Leal's opinions. He wrote:

> In this case, the ALJ explained that she gave Leal's opinions "very little weight" because there were relatively few treatment records to document Plaintiff's history with Leal. Furthermore, she articulated that his opinion regarding Plaintiff's "marked" limitations is not consistent with either the other medical evidence or evidence of Plaintiff's activities of daily living.
>
> Although the Court might have evaluated Leal's opinions differently if it were reviewing the evidence de novo, the Court is constrained to apply the deference commanded by substantial evidence review. Plaintiff's argument that Leal's opinions should be given "great weight" amounts to an invitation to re-weigh the evidence that this Court must reject. It is not the proper role of this Court on review to substitute its judgment for that of the ALJ. "In reviewing the ALJ's decision, 'we neither reweigh the evidence nor substitute our judgment for that of the agency.'" *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). It is the Court's role, however, only to determine if the ALJ properly explained her reasoning in regards to evidence from an "other source," such as a nurse practitioner.

PFRD at 11-12.

The Court observes that Plaintiff's objection on this point is not aimed at the analysis applied in the PFRD regarding the Court's role in reviewing how an ALJ treats opinions from "other sources." Instead, Plaintiff styles this objection as an invitation to the Court to re-weigh this evidence and assign more weight to Mr. Leal's opinions than the ALJ did. However, that is not the proper role of the Court and it will not engage in such an exercise.

The Court finds that the proper legal analysis was applied in the PFRD regarding the ALJ's evaluation of Mr. Leal's opinions. Therefore, Plaintiff's objections on this point are overruled.

IT IS ORDERED THAT:

1. Judge Fouratt's PFRD (ECF No. 32) is ADOPTED;

2. Plaintiff's objections (ECF No. 33) are OVERRULED;

3. Plaintiff's Motion to Reverse and Remand (ECF No. 22) is DENIED; and

4. This action is DISMISSED with prejudice.

_____
THE HONORABLE JAMES A. PARKER
UNITED STATES DISTRICT JUDGE